FILED

2026 Feb-12  AM 10:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **BOBBY WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CASE NO:** |
| **v.** | ) |
| | ) |
| **AMENTUM SERVICES, INC.,** | ) **PLAINTIFF DEMANDS** |
| | ) **TRIAL BY STRUCK JURY** |
| | ) |
| **Defendant.** | ) |

## <u>COMPLAINT</u>

## <u>INTRODUCTION</u>

Plaintiff, Bobby White ("Plaintiff"), brings this action for legal and equitable relief to address unlawful discriminatory and retaliatory employment practices and violations of Federal law by Defendant, Amentum Services, Inc. ('Amentum" or "Defendant").

## <u>JURISDICTION</u>

1. This Complaint seeks legal and equitable relief to redress Defendant's unlawful violations of Plaintiff's rights secured by the following:

   a. Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

   b. Jurisdiction is proper pursuant to the following:

c. 28 U.S.C. §§ 1331, 1343(a)(3), 1341(a)(4); 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981.

## PARTIES

2. Plaintiff Bobby White (hereinafter "Plaintiff") is over the age of 19 and a citizen of the United States and a resident of Anniston, Alabama.

3. Defendant Amentum Services, Inc. is a foreign business registered in Alabama and maintains a principal office in Huntsville, Alabama. At all times relevant hereto, the Defendant has been an employer within the meaning of 42 U.S.C. § 2000e(a), has maintained and operated a business in Alabama, and has been engaged in an industry affecting commerce, has fifteen (15) or more employees and is considered an employer for Title VII purposes.

## VENUE

4. Venue lies within the Northern District of Alabama under 28 U.S.C. § 1391.

## ADMINISTRATIVE PROCEDURES

5. Plaintiff hereby adopts and re-alleges paragraphs one (1) through four (4) herein above as if fully set forth herein.

6. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred and continue to occur at Amentum.

7.     This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment.

8.     On December 19, 2024, within 180 days of the last discriminatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") regarding claims against Defendant.  (Exhibit A)

9.     Plaintiff's Notice of Right to Sue was mailed by the EEOC to the Plaintiff on November 13, 2025, and Plaintiff has filed suit within ninety (90) days of receipt of his Notice of Right to Sue. (Exhibit B).

10.     All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

**<u>COUNT ONE</u>**

**PLAINTIFF'S TITLE VII AND SECTION 1981
RETALIATION CLAIMS**

11.     Plaintiff adopts and incorporates paragraphs one (1) through ten (10) as if fully set forth herein.

3

12. Plaintiff Bobby White is black and he began working for Defendant in or around November 2014, at the Army Depot in Anniston, Alabama, when Amentum took over the government contract.

13. Plaintiff worked for many years for previous contractors at the Anniston Army Depot prior to being employed by Amentum.

14. In or around 2001, Plaintiff filed a charge of discrimination with the EEOC regarding claims f race discrimination.

15. On September 15, 2022, Plaintiff filed a charge of discrimination with the EEOC including claims of race discrimination.

16. On April 18, 2023, Plaintiff filed a lawsuit against Defendant regarding his claims of race discrimination.

17. Plaintiff had a good faith belief that he was being discriminated against and he engaged in protected activity and suffered adverse employment actions.

18. There is a causal connection between Plaintiff's protected activity and the adverse actions he has suffered.

19. After Plaintiff complained and engaged in protected activity, Defendant retaliated against Plaintiff regarding his pay, paying Plaintiff less than other employees in the same or similar position that did not engage in protected activity.

**PLAINTIFF'S PAY – HUNTSVILLE, AL**

20. Defendant's operation in Anniston, AL was shutting down and Defendant was to begin operations in Huntsville, Alabama in mid-2025.

21. In or around April 2025, Plaintiff applied for an I&C technician position in Huntsville, AL.

22. In April 2025, Plaintiff was paid $39.28 per hour.

23. Defendant initially offered Plaintiff the position of I&C Technician/Munitions Handler in Huntsville at the hourly rate of $34.44.

24. Plaintiff requested a higher rate of pay for the Huntsville position in part because the cost of living in Huntsville, AL is higher than the cost of living in Anniston, AL.

25. Defendant's final offer of employment in Huntsville, AL included Plaintiff being paid $37.44 per hour.

26. Plaintiff again requested an increase in the hourly rate for the Huntsville position due to the increased cost of living and Plaintiff's understanding that other employees that would hold the same position in Huntsville were being paid more than Plaintiff.

27. However, Defendant would not agree increase Plaintiff's hourly rate and Plaintiff was to be paid $37.44 per hour.

28.    During an employee meeting regarding positions and operations in Huntsville, Al, and employees were informed that there would be a pay adjustment for the increased cost of living.

29.    Plaintiff asked about employee pay for positions in Huntsville, AL and complained about his pay cut and plaintiff was informed that most employees received a pay raise when they accepted positions in Huntsville, AL.

30.    Defendant refused to increase plaintiff's hourly rate for the position in Huntsville, AL.

31.    It is Plaintiff's belief and understanding that employees received a pay raise for positions in Huntsville, AL that include but is not limited to the following employees, Don Cofield, Dena Brady, Gary Peterson, Jeremy Cobb, Rob Banzhoff and David Hayden.

32.    May 22, 2025, was Plaintiff's last day of employment in Anniston, AL.

33.    Plaintiff felt he had no choice and accepted employment at Defendant's Huntsville, AL location and began working in Huntsville in or around June 2025.

34.    Plaintiff understood that he would receive a pay raise after his initial employment in Huntsville, AL but Plaintiff did not receive this pay raise.

## PLAINTIFF'S PAY – ANNISTON, AL

35. After Plaintiff complained that he was being discriminated against because of his race and engaged in protected activity while employed at the Anniston, AL location, Plaintiff believes he was paid less and received lower pay raises than employees in the same or similar classified positions.

36. Plaintiff believes that employees working in Anniston, AL, that have not engaged in protected activity have been paid more than him.

37. Plaintiff believes that the Anniston, AL employees that have been paid more than him and/or received a higher pay raise include but are not limited to Andy Haynes, Jack Schell, Eric Elam, Alex Fredrick, Dale Pitts, Scott Bullard, Jeremy Cobb and Ricky Shaw.

38. Anniston employees hired by Defendant after Plaintiff that Defendant has paid more that Plaintiff for the same or similar classified positions include but are not limited to Andy Haynes, Eric Elam, and Alex Fredrick.

39. Defendant has retaliated against Plaintiff by denying him pay and pay raises.

40. Defendant's retaliation against Plaintiff for his complaints and protected activity have caused Plaintiff injury.

41. As a proximate result of Defendant's unlawful discrimination, Plaintiff has suffered mental anguish, financial loss, loss of career advancement, shame,

humiliation, emotional distress, loss of enjoyment of life and other non-pecuniary and pecuniary losses.

42.    Defendant has a policy prohibiting workplace retaliation; however, Defendant willfully violated its own policy and federal laws.

43.    Supervisors and managers engaged in these unlawful practices, were aware of these unlawful practices by other employees, yet they encouraged and/or condoned these unlawful practices.

44.    Defendant failed to train its employees on its purported antiretaliation policies and reporting procedures.

45.    Defendant's dissemination of any antiretaliation policies and reporting procedures has been ineffective.

46.    Defendant knew or should have known of the retaliation Plaintiff has been forced to endure.

47.    Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the retaliation Plaintiff was forced to endure.

48.    Defendant's actions were and continue to be malicious and Plaintiff has been harmed.

49.   Defendant's actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

50.   Defendant's actions are in violation of Title VII and 42 U.S.C. § 1981, as amended.

51.   Plaintiff seeks declaratory and injunctive relief, and all legal and equitable relief available including back pay, benefits, front pay, interest, attorney's fees and costs, pecuniary and non-pecuniary compensatory damages for loss of career opportunities, humiliation, embarrassment, mental anguish, and any and all such other relief as the Court deems appropriate.

52.   Plaintiff requests this Court grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging further in retaliation; order Defendant to institute and carry out policies, practices, and programs that provide equal provisions and employment opportunities for all employees, and which eradicate the efforts of past and present unlawful employment practices, including implementing a policy against retaliation; order Defendant to make Plaintiff whole by providing back pay, front pay, reinstatement, award Plaintiff the positions he has been denied, the pay, benefits and bonuses for the positions he has been denied, interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including,

but not limited to, compensatory, punitive, and liquidated damages; award Plaintiff compensatory, punitive, and liquidated damages; award Plaintiff costs and expenses herein, including reasonable attorneys' fees; and award such other and further relief this Court deems necessary and proper.

## COUNT TWO

**PLAINTIFF'S 42 U.S.C. § 1981 AND TITLE VII RACE DISCRIMINATION CLAIMS AND FACTUAL ALLEGATIONS**

53.    Plaintiff adopts and incorporates paragraphs one (1) through ten (10) as if fully set forth herein.

54.    Plaintiff Bobby White is black and he began working for Defendant in or around November 2014, at the Army Depot in Anniston, Alabama, when Amentum took over the government contract.

55.    Plaintiff worked for many years for previous contractors at the Army Depot prior to being employed by Amentum.

56.    Plaintiff remained employed by Defendant at its Anniston, AL location in the position of Instrument & Control Technician/Munitions Handler until in or around June 2025.

57.    In or around June 2025, Plaintiff was employed by Defendant in Huntsville, AL in the position of Instrument & Control Technician/Munitions Handler.

58.    Defendant's operation in Anniston, AL was shutting down and Defendant was to begin operations in Huntsville, Alabama in mid-2025.

59.    In or around April 2025, Plaintiff applied for an I&C technician position in Huntsville, AL.

60.    In April 2025, Plaintiff was paid $39.28 per hour.

61.    Defendant initially offered Plaintiff the position of I&C Technician/Munitions Handler in Huntsville at the hourly rate of $34.44.

62.    Plaintiff requested a higher rate of pay for the Huntsville position in part because the cost of living in Huntsville, AL is higher than the cost of living in Anniston, AL.

63.    Defendant's final offer of employment in Huntsville, AL included Plaintiff being paid $37.44 per hour.

64.    Plaintiff again requested an increase in the hourly rate for the Huntsville position due to the increased cost of living and Plaintiff's understanding that other employees that would hold the same position in Huntsville were being paid more than Plaintiff.

65.    However, Defendant would not agree increase Plaintiff's hourly rate and Plaintiff was to be paid $37.44 per hour.

66.    During an employee meeting regarding positions and operations in Huntsville, Al, and employees were informed that there would be a pay adjustment for the increased cost of living.

67.    Plaintiff asked about employee pay for positions in Huntsville, AL and complained about his pay cut and plaintiff was informed that most employees received a pay raise when they accepted positions in Huntsville, AL.

68.    Defendant refused to increase plaintiff's hourly rate for the position in Huntsville, AL.

69.    It is Plaintiff's belief and understanding that white employees received a pay raise for positions in Huntsville, AL that include but are not limited to the following employees, Don Cofield, Dena Brady, Gary Peterson, Jeremy Cobb, Rob Banzhoff and David Hayden.

70.    May 22, 2025, was Plaintiff's last day of employment in Anniston, AL.

71.    Plaintiff felt he had no choice and accepted employment at Defendant's Huntsville, AL location and began working in Huntsville in or around June 2025.

72.    Plaintiff understood that he would receive a pay raise after his initial employment in Huntsville, AL but Plaintiff did not receive this pay raise.

## PLAINTIFF'S PAY – ANNISTON, AL

73.    Plaintiff believes he was paid less and received lower pay raises than white employees in the same or similar classified positions.

74.    Plaintiff believes that the white Anniston, AL employees that have been paid more than him and/or received a higher pay raise include but are not limited to Andy Haynes, Jack Schell, Eric Elam, Alex Fredrick, Dale Pitts, Scott Bullard, Jeremy Cobb and Ricky Shaw.

75.    White Anniston employees hired by Defendant after Plaintiff that Defendant has paid more that Plaintiff for the same or similar classified positions include but are not limited to Andy Haynes, Eric Elam, and Alex Fredrick.

76.    Defendant considered Plaintiff's race, black, when deciding Plaintiff's pay and pay raises.

77.    Defendant discriminated against Plaintiff by failing and/or refusing to pay him the same rate of pay as white employees in the same or similar classified positions.

78.    As a proximate result of Defendant's unlawful discrimination, Plaintiff has suffered mental anguish, financial loss, loss of career advancement, shame, humiliation, emotional distress, loss of enjoyment of life and other non-pecuniary and pecuniary losses.

58.    Defendant has a policy prohibiting workplace racial discrimination; however,

Defendant willfully violated its own policy and federal laws that prohibit discrimination based on race.

59. Supervisors and managers engaged in these unlawful practices, were aware of these unlawful practices by other employees, yet they encouraged and/or condoned these unlawful practices.

60. Defendant failed to train its employees on its purported antidiscrimination policies and reporting procedures.

61. Defendant's dissemination of any antidiscrimination policies and reporting procedures has been ineffective.

62. Defendant knew or should have known of the race discrimination Plaintiff has been forced to endure.

63. Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the race discrimination Plaintiff was forced to endure.

64. Defendant's actions were and continue to be malicious and Plaintiff has been harmed.

65. Defendant's actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

66. Defendant's actions are in violation of Title VII and 42 U.S.C. § 1981, as

amended.

67.    As a proximate result of Defendant's unlawful discrimination, Plaintiff has suffered mental anguish, financial loss, loss of career advancement, shame, humiliation, emotional distress, loss of enjoyment of life and other non-pecuniary and pecuniary losses.

68.    Plaintiff seeks declaratory and injunctive relief, and all legal and equitable relief available including back pay, benefits, front pay, interest, attorney's fees and costs, pecuniary and non-pecuniary compensatory damages for loss of career opportunities, humiliation, embarrassment, mental anguish, and any and all such other relief as the Court deems appropriate.

69.    Plaintiff requests this Court grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging further in discriminatory treatment on the basis of race; order Defendant to institute and carry out policies, practices, and programs that provide equal provisions and employment opportunities for all employees, and which eradicate the efforts of past and present unlawful employment practices, including implementing a policy against race discrimination; order Defendant to make Plaintiff whole by providing back pay, front pay, reinstatement, award Plaintiff the positions he has been denied, the pay, benefits and bonuses for the positions he has been

denied, interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory, punitive, and liquidated damages; award Plaintiff compensatory, punitive, and liquidated damages; award Plaintiff costs and expenses herein, including reasonable attorneys' fees; and award such other and further relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

s/ Cynthia Forman Wilkinson
CYNTHIA FORMAN WILKINSON
State Bar ID No: ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

Cynthia Forman Wilkinson
WILKINSON LAW FIRM, PC
1717 3rd Avenue North, Suite A
Birmingham, AL 35203
Tel: (205) 790-4009
E-mail: cwilkinson@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS**:

Mr. Bobby White
c/o WILKINSON LAW FIRM, PC
1717 3rd Avenue North, Suite A
Birmingham, Alabama 35203

## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:

Amentum Services, Inc.
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104